A. G. HUSEMAN and Winnie Huseman, Appellants,

v.

Robert H. FINCH, Secretary of Health, Education and Welfare, Appellee.

No. 117–68.

United States Court of Appeals, Tenth Circuit.

April 24, 1970.

Durward K. McDaniel, Washington, D. C., on the brief, for appellants.

William D. Ruckelshaus, Asst. Atty. Gen., William R. Burkett, U. S. Atty., Kathryn H. Baldwin and Robert M. Feinson, Attys., Department of Justice, on the brief, for appellee.

Before MURRAH, Chief Judge, and HILL and HICKEY, Circuit Judges.

HILL, Circuit Judge.

Appellants, A. G. Huseman and Winnie Huseman, brought suit in the District Court against appellee, the Secretary of Health, Education and Welfare, seeking relief from the Social Security Administration's recomputation of appellants' social security benefits and the consequent reduction in benefits payable to appellants. After the trial judge dismissed appellants' original complaint, leave was granted to file an amended complaint.

Ultimately the trial judge determined from the undisputed facts that appellants had not exhausted their administrative remedies because no administrative hearing had been held concerning the dispute and thus no final decision had been made by appellee Secretary.[1] Consequently, the trial judge found that under 42 U.S.C. § 405(g) the court lacked jurisdiction and thereupon dismissed the complaint.

In 1961, appellants applied for and were granted old age insurance benefits under the Social Security Act. On April 3, 1967, the Social Security Administration—apparently acting upon information that A. G. Huseman had recovered a state court judgment in the amount of $1935 for wages earned in 1960 but not paid to him by his former employer —notified appellants that they were entitled to increased primary insurance benefits. According to the Administration's letter of April 3, 1967, Mr. Huseman's increased benefits amounted to $85 per month effective October, 1960, and $91 per month as of January, 1965. In early August, 1967, appellants were notified by the Administration that an error had been made in the April 3rd computation of their primary insurance benefits rate and that they had been overpaid.[2] The Social Security Administration advised appellants that their benefits would be withheld from November 3, 1967, until August 3, 1968, in order for the Administration to recoup the overpayment, and thereafter appellants would receive benefits at the recomputed rate.

Upon notification of the August, 1967, recomputation, Mr. Huseman on August 4, 1967, wrote to the Social Security Administration requesting a breakdown of their computations so that he could check the accuracy of the Administration's re-computed benefits rate and the resulting overpayment. In the absence of a reply, Mr. Huseman again wrote the Administration on August 30, 1967, and requested an explanation of the recent recomputation of the benefits rate. That letter also denied any overpayment, denied responsibility for any overpayment, asserted that the withholding of any social security checks would work a severe hardship on appellants, and requested that the benefits remain at the rate determined on April 3, 1967. The Administration construed this letter as a request for a reconsideration of the August, 1967 recomputation of appellants' benefits rates which, in the parlance of the Administration, is a request for a "reconsideration determination."

The Social Security Administration failed to notify appellants that the Administration was treating Mr. Huseman's letter as a request for a reconsideration determination, and on November 15, 1967 appellants instituted suit in the District Court. Their complaint sought a preliminary injunction against the enforcement of the Administration's recomputed benefits determination pending resolution of the dispute, an order of mandamus requiring the Administration to furnish appellants with the earnings record of A. G. Huseman plus other facts pertinent to the recomputation of appellants' benefits and the resulting overpayment, and declaratory relief determining the status and rights of appellants. Prior to the institution of the suit, appellants had filed a request for a hearing with the Administration, and during the pendency of the suit on November 29, 1967 appellants' request for a hearing was denied by the Administration for the reason that a hearing was premature because at that time a reconsideration determination was in the

---

1. 20 C.F.R. § 404.951.

2. According to the Social Security Administration, Mr. Huseman is entitled to monthly payments of $76 from October, 1960 through December, 1964, and $81.40 effective January, 1965, rather than monthly payments of $85 through December, 1964 and $91 after January, 1965. This resulted in an overpayment to Mr. Huseman in the sum of $765.60. Mrs. Huseman's benefits were likewise recomputed downward and according to the Administration she was overpaid $378.80.

offing pursuant to appellants' letter of August 30, 1967.

Upon the allegation of these undisputed facts and in the light of an affidavit by an Administration official stating that a reconsideration determination was pending and that no final administrative decision had been made, the trial judge dismissed the action on the grounds of lack of jurisdiction stemming from appellants' failure to exhaust their administrative remedies. Subsequently the Social Security Administration held the reconsideration determination and affirmed the benefits determination made as of August, 1967. Included in the reconsideration determination findings was the conclusion that the error made in the April 3, 1967 computations which resulted in the overpayment was not made through the fault of appellants, but nonetheless the Administration was not barred from recovering the overpayment because appellants refused to complete the required financial forms necessary for the Administration to waive the overpayment. Appellants still refuse to fill out the forms (OA–C 632; OA–C 634) because they contend that the forms force them to acknowledge an overpayment despite the fact that this is the very point in dispute.

After the Social Security Administration's decision in the reconsideration determination, appellants once again sought judicial relief, and on June 28, 1968 the trial court granted appellants leave to amend their original complaint. Appellants amended their pleadings to include the allegations that the Administration had refused to afford appellants a hearing after the reconsideration determination, that they had not been given notice of their right to a hearing after the reconsideration determination, and that the trial court should review appellants' exhibits and thereupon decide the issues between the parties. Once again the trial court determined that it lacked jurisdiction because appellants were still entitled to an administrative hearing and in the absence of such a hearing the administrative decision is not final and cannot be litigated.

On appeal, appellants first attack the trial judge's determination that they have not exhausted their administrative remedies by arguing that the Social Security Administration in effect has denied them any administrative remedy. In support of this they contend that the Administration has been dilatory, has failed to notify appellants of their right to a hearing which is in violation of the Administration's regulations, and has ignored appellants' request for a hearing subsequent to the reconsideration determination. Appellants by this appeal seek to obtain a fair hearing.

■ This issue is easily disposed of because appellee has agreed to forthwith conduct an administrative hearing on appellants' claim. This provides appellants with their requested relief; and we conclude that the trial judge was correct in denying jurisdiction since appellants have this remaining administrative remedy,[3] and since appellee's decision on appellants' claim is not final until after at least a hearing by the Administration's hearing examiner.[4] This precludes our determination whether appellants have been denied appropriate hearings in derogation of their rights. However, we cannot fail to add that although appellants' administrative remedies have been slow in coming, we have confidence that hereafter appellants' claim will be treated with dispatch and they will be granted the fair hearing they seek and to which they are plainly entitled. Hence it serves no purpose for this court to now attempt to determine from the bald record whether the Administration has acted in bad faith or attempted to deny appellants their administrative rights as appellants suggest. However, in this regard we must note that any future delay in providing appellants with an administrative

---

3. 42 U.S.C. § 405(g); Hobby v. Hodges, 215 F.2d 754 (10th Cir. 1954).

4. 20 C.F.R. §§ 404.940, 404.945, 404.951.

hearing must be deemed unfavorable to appellee.

■ In this appeal, appellants also seek to obtain the earnings records of A. G. Huseman and the other records and computations used by the Administration to determine that the April 3, 1967 benefits rates were incorrect and that appellants were overpaid. Since appellee has agreed that appellants have a right to the requested information and has further agreed to provide it in accordance with regulations,[5] any treatment of this issue is superfluous except for the observation that appellee is doubtlessly compelled to make this information available within a reasonable time prior to the hearing. We do not share appellants' pessimism that the Administration will not act in good faith in supplying the information; and furthermore, it is not necessary for the disposition of this case to decide whether the Administration's past failure in this regard foreclosed appellants' administrative remedies because it is clear that there is an avenue of administrative relief remaining open to appellants.

■ Besides a prompt fair hearing and access to certain records, appellants also seek relief by way of a preliminary injunction restraining the enforcement of the recomputed benefit rates of August, 1967. According to the record, it appears that the recomputed benefits rates applicable to appellants were to go into effect on November 3, 1967, when benefits were to be withheld from appellants to recoup the overpayment. And the withholding was to continue until August 3, 1968, when presumably the recomputed rates would be effective to determine the benefits henceforth payable to appellants. Thus it appears that the request for a preliminary injunction is a mooted question. In addition, the granting of injunctive relief would only further impede the administrative disposition of the controversy, which has certainly now been delayed for too long a time.

■ Lastly, we find no merit in appellants' argument that they are being deprived of due process because the Administration insists that the overpayment to appellants can be waived only if appellants complete forms OA–C 632 and OA–C 634. These forms request financial information from claimants for the purpose of determining whether an overpayment to a claimant should be waived by the Administration. Of course implicit in the forms is the assumption that an overpayment has been made, and in view of this assumption appellants object to signing the forms because the very heart of their dispute with the Administration is whether in fact there has been an overpayment. While the Administration's insistence on these forms is doubtlessly premature in view of the continuing dispute whether there has in fact been an overpayment, appellants on the other hand can easily alleviate this problem by completing the forms under protest for the singular purpose of rendering financial information. Appellants do not need the aid of this court to submit these forms with the reservation of the right to dispute whether there was in fact an overpayment.

In conclusion, we note with grave concern the other allegations by appellants in support of their contention that the actions of the Social Security Administration have effectively denied them their administrative remedies. Since it is doubtless that appellants will receive a prompt hearing by the Administration after the appropriate records have been made available to appellants, we need not analyze the legal ramifications of the Administration's actions. Moreover, we would be most reluctant to do so here because this case comes to us on a bald record and without the benefit of a trial to present a thorough explanation of the events that have transpired between the parties. But without intending to single out or censure appellee, we do believe that it is timely to admonish all government agencies that they owe their ex-

5. 20 C.F.R. §§ 404.803, 404.905, 404.907.

istence to the citizenry and were born only to serve the citizenry. Rather than acting autonomously, the government agencies must be responsive to the peoples' needs and this can only be accomplished by a rapid and good faith resolution of any dispute with any citizen.

Affirmed.