Steven W. GERIG, Plaintiff,

v.

KRAUSE PUBLICATIONS, INC.,
a Wisconsin corporation,
Defendant.

No. 98–1043–JTM.

United States District Court,
D. Kansas.

July 15, 1999.

**1262**

Robert W. Coykendall, Susan R. Schrag, Morris, Laing, Evans, Brock & Kennedy, Chtd., Wichita, KS, for Plaintiff.

Jack Focht, Foulston & Siefkin L.L.P., Wichita, KS, Andrew Jackson Gray, IV, Simor L. Moskowitz, Jacobson, Price, Holman & Stern, PLLC, Washington, DC, for Defendant.

## MEMORANDUM ORDER

MARTEN, District Judge.

Currently pending before the court in this action for breach of contract and copyright infringement action is the motion to dismiss of defendant Krause Publications. As an alternative to dismissal, Krause seeks to strike the plaintiff Steven Gerig's claims for statutory damages and attorney's fees. In its motion, Krause claims Gerig's amended complaint should be dismissed for two reasons: (1) an earlier filed action pending in Wisconsin captioned *Krause Publications, Inc., v. Steve W. Gerig*, Case No. 98–C–1218 (E/D.Wis.) takes precedence over this action; and (2) Gerig's claim does not arise under the Federal Copyright Act, 17 U.S.C. § 101 et seq. and diversity jurisdiction is lacking because the amount in controversy does not exceed $75,000. Even if the court were to have subject matter jurisdiction over Gerig's claims, Krause argues, Gerig's request for statutory damages and attorney's fees should be dismissed because statutory damages and attorney's fees are not available for alleged infringing acts predating registration of the claimed works.

### I. Facts

During the period of 1991–1994, Krause hired Gerig on approximately 15 occasions to take photographs of home decorating styles (the "Images"). Krause paid Gerig an "assignment" fee for all of the photographs taken on each occasion. Krause subsequently included some of the photographs in various issues of Collector's Mart Magazine. On October 8, 1997, Krause published a book titled, *Decorating With Collectibles* (the "Book"), which Gerig alleges included approximately 70 photographs taken by him during the photography sessions. Gerig's amended complaint

arises out of Krause's alleged use of the Images in the Book.

## II. Procedural History

On February 9, 1998, Gerig filed a complaint in this court against Krause alleging copyright infringement and breach of contract. On April 8, 1998, Krause filed a motion to dismiss, noting that Gerig had not pleaded or obtained registration of the works at issue with the Copyright Office, a jurisdictional prerequisite to the filing of a copyright infringement action in federal court. It further argued diversity jurisdiction did not exist on Gerig's contract claim because he did not meet the amount in controversy requirement. It is undisputed that none of the works Gerig alleged had been infringed had been registered with the Copyright Office as of February 9, 1998.

In November of 1998, at Gerig's request, the parties stipulated to the dismissal of this action. According to Krause's counsel, there were no preconditions or other "strings" tied to Gerig's request. On November 18, 1998, Krause's counsel signed the stipulation prepared by Gerig's counsel and returned it to her for filing with the court. On December 16, 1998, assuming this case had been dismissed pursuant to the stipulation, Krause filed a declaratory judgment action in the U.S. District Court for the Eastern District of Wisconsin, seeking a declaratory judgment that, under the Copyright Act, it is not liable to Gerig as a result of the use of Gerig's Images in the Book. That action is still pending, and Krause claims the Wisconsin court has subject matter jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*

Gerig's counsel never filed the stipulation of dismissal with this court, which Krause claims is a breach of the parties' agreement. On January 12, 1999, this court granted Krause's motion to dismiss this action for lack of subject matter jurisdiction, noting that Gerig could later file a "new action" when a jurisdictional basis had been established. In doing so, the court did not note the breach of contract

claim. On March 4, 1999, after he obtained the requisite registrations, Gerig filed an amended complaint in this court. On March 17, 1999, the court set aside its January 12, 1999 order and reopened the case.

## III. Subject Matter Jurisdiction

### A. The Contract Claim—Diversity Jurisdiction

█ At the time Gerig filed this case, his copyright claim did not provide the basis for subject matter jurisdiction because he had not yet received the proper registrations. *See, e.g., M.G.B. Homes v. Ameron Homes,* 903 F.2d 1486, 1488–89 (11th Cir.1990) (Trial court properly dismissed the entire claim without prejudice to file a new complaint once the copyright registration was obtained.); *Boyle v. Stephens, Inc.,* No. 97Civ.1351(SAS), 1997 WL 529006, at *3 (S.D.N.Y. Aug. 26, 1997) (finding no viable copyright infringement claim for plaintiff whose registration was pending, but not yet completed); *Dielsi v. Falk,* 916 F.Supp. 985, 994 (C.D.Cal.1996) (dismissing plaintiff's infringement claims without prejudice—"Plaintiff's failure to plead that he has applied for a copyright registration deprives this court of subject matter jurisdiction over his copyright claim."); *International Trade Management v. United States,* 553 F.Supp. 402, 403 (Cl.Ct.1982) (dismissing the action until the Copyright Office permitted or denied plaintiff's copyright). Therefore, Gerig's contract claim must provide the basis for subject matter jurisdiction. When a contract claim provides the basis for subject matter jurisdiction in the federal courts, jurisdiction is based on diversity of citizenship.

The diversity statute, 28 U.S.C. § 1332(a)(1), provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states." This case is between citizens of different states—

Gerig is a Kansas resident, and Krause is a business organized under the laws of Wisconsin and has its principal place of business in Iola, Wisconsin. Therefore, the sole question that remains is whether the amount in controversy exceeds $75,000.

■ For purposes of federal jurisdiction, the determination of the value of the matter in controversy is a federal question to be decided under federal standards. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961). However, federal courts must "look to state law to determine the nature and extent of the right to be enforced in a diversity case." *Id.* at 352–53, 81 S.Ct. 1570. "The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'" *Id.* at 353, 81 S.Ct. 1570 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938)); *see also Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863, 116 S.Ct. 174, 133 L.Ed.2d 114 (1995) ("The amount in controversy is ordinarily determined by the allegations of the complaint.") In other words, when deciding whether the amount in controversy is met, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co.*, 303 U.S. at 288, 58 S.Ct. 586 (footnote omitted); *see also Gibson v. Jeffers*, 478 F.2d 216, 220 (10th Cir.1973) ("The test to determine amount in controversy is not the sum ultimately found to be due, but the sum demanded in good faith.") Allegations in the complaint need not be specific, but the plaintiff must allege sufficient facts to convince the court that "recoverable damages will bear a reasonable relation to the minimum jurisdictional floor." *Gibson*, 478 F.2d at 221. "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co.*, 303 U.S. at 289, 58 S.Ct. 586.

Generally speaking, the judicially established legal-certainty test makes it very difficult for the defendant to secure a dismissal of a case on the ground that it does not appear to satisfy the statutory jurisdictional amount requirement. Only three situations clearly meet the legal certainty standard for purposes of defeating the court's subject matter jurisdiction: 1) when the terms of a contract limit the plaintiff's possible recovery; 2) when a specific rule of substantive law or measure of damages limits the amount of money recoverable by the plaintiff; and 3) when independent facts show that the amount of damages was claimed by the plaintiff merely to obtain federal court jurisdiction. 14B Charles Alan Wright et al., *Federal Practice and Procedure; Jurisdiction* § 3702, at 97–101 (3d ed.1998) (footnotes omitted). If the jurisdictional amount is challenged, the burden of proving jurisdiction falls on the party asserting it. *Gibson*, 478 F.2d at 221.

■ "[W]here a litigant has a right, based on contract, statute, or other legal authority, to an award of attorney's fees if he prevails in the litigation, a reasonable estimate of those fees may be included in determining whether the jurisdiction minimum is satisfied." *Sarnoff v. American Home Prod. Corp.*, 798 F.2d 1075, 1078 (7th Cir.1986); *see also Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir.1998) ("[A] reasonable attorney's fee alone, when added to the $41,028.51, would push the amount of plaintiff's claim in Count III above $50,000, without consideration of the pre-judgment interest or other costs and expenses sought"); *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F.Supp. 1196, 1198 (N.D.Cal.1998) ("The amount in controversy includes claims for general and special damages (excluding costs and interests), including attorneys fees, if recoverable by statute or contract, and punitive damages."); *Quebe v. Ford Motor Co.*, 908 F.Supp. 446, 449 (W.D.Tex.1995) ("[W]hen attorneys' fees

are provided by contract or a statute mandates or allows payment of such fees, attorneys' fees are considered part of the amount in controversy for jurisdictional purposes."); *Plus Sys. Inc., v. New England Network, Inc.,* 804 F.Supp. 111, 116–17 (D.Colo.1992) (finding amount in controversy satisfied even though the maximum amount of recovery for the breach of contract was less than $3,800; plaintiff submitted sworn affidavits that alleged current attorneys' fees, which was allowed under the contract, over $60,000 and projected fees of $150,000).

The contract Gerig alleges Krause has breached arises from the "Terms and Conditions" set forth on the back of Gerig's invoices. Krause claims the "Liquidated Damages" paragraph of the "Terms and Conditions" controls the amount Gerig may be entitled to for the use of his images. The "Liquidated Damages" clause provides:

> Client and Steve Gerig acknowledge that it is difficult, if not impossible to determine the exact value of each photograph subject to this agreement because of the duration of copyright protection and its present and potential value. Therefore, the Client and Steve Gerig agree that the reasonable value of each photograph is at least the amount indicated on the reverse of this form/attached form which is also to be the amount of harm Steve Gerig will suffer in the event of loss or damage. Client further acknowledges that its acceptance of this liquidation damage amount is a material consideration for the Steve Gerig delivery to Client of the photograph subject to this agreement.

Terms & Conditions, ¶ 21.

The "Terms and Conditions" also allow for payment of attorney fees:

Default: In the event of non-payment or other breach of this agreement by client: (1) Client shall pay all arbitration and court costs, reasonable legal fees, and expenses, and legal interest, and (2) Steve Gerig retains right to seek compensation from any party using or benefitting from photograph supplied by client.

Terms and Conditions, ¶ 20.

Krause argues that, based on the liquidated damages clause, there is less than $75,000 in controversy. It claims that the "amount indicated on the reverse" of each of the invoices was $550 for all photographs taken during the day in which Krause retained his services. Gerig apparently charged a $550 assignment fee for each of the 15 times Krause hired him. In addition to the $550 assignment fee, the prices on the invoices also included film processing and production. The total invoice prices ranged from $750.06 to $892.95. Krause claims the maximum amount Gerig could recover under the liquidated damages clause is $38,500 ($550 × 70).[1]

Gerig argues he is entitled to $750.06—$892.95 for *each* of the 70 images at issue, resulting in an amount in controversy of $52,504.20—$63,404.50.[2] To support his claim, he relies on the language of the liquidated damages clause that reads: "Client and Steve Gerig agree that the reasonable value of *each* photograph is *at least the amount* indicated on the reverse of this form/attached form." (emphasis added). The amount indicated on the reverse side of the invoices included the $550 assignment fee and the costs for film processing and development.

---

1. Alternatively, Krause argues that the damages for each photo should be limited to $68.75. It arrives at this figure by dividing $550 by 8. Eight represents the number of pictures from one session that were used in the book. The court finds that this method of calculation is inadequate, considering the language of the liquidated damages paragraph.

2. This is the amount he claims is supported by the liquidated damages clause. At the beginning of his argument, Gerig claims "$1,000 per photo for each of 76 photos exceeds the $75,000 amount ·in controversy." Pl.'s Mem. at 7. The court is unable to determine where the $1,000 figure comes from, or the 76 photos instead of 70.

■ The court concludes that Gerig's interpretation of the liquidated damages clause is reasonable. The language "for each photograph" indicates Gerig may be entitled to $750.06—$892.95 for each of the 70 images at issue, which would total $52,504.20—$63,404.50. If this amount is augmented by an award for reasonable attorney fees, the court finds it is not clear to a legal certainty that Gerig's recovery will be less than the $75,000 threshold. Indeed, the jurisdictional amount may be reached even if Krause's highest estimate of loss (*i.e.,* $550 for each of the 70 images, or $38,500) were utilized, in light of the potentially significant attorney fees which may be recovered herein. In any event, the court finds Gerig has made the claim in good faith, and there is no indication that it appears to a "legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co.,* 303 U.S. at 289, 58 S.Ct. 586.

Further, the contract claim provides an independent basis for subject matter jurisdiction when Gerig filed the initial complaint on February 9, 1998. Because the court had jurisdiction throughout this matter, the appropriate course of action for Gerig with regard to his copyright claim was to file an amended complaint once he received the proper registrations rather than filing a new action. The court thus has jurisdiction over the copyright claim, too, provided it "arises under" the Copyright Act. Since this court has had jurisdiction from the time this case was filed on February 9, 1998, Krause's "first-filed action" argument is without merit. Krause filed the Wisconsin declaratory judgment action December 16, 1998, over 10 months after this action was filed. Therefore, this action is clearly the "first-filed action."

**B. Copyright Claim**

Krause claims Gerig's cause of action for copyright infringement is merely a contractual dispute disguised as a claim for copyright infringement, and therefore, does not present a federal question. Gerig contends that he has properly asserted a cause of action arising under the Copyright Act. Specifically, he claims statutory damages as provided by 17 U.S.C. § 504(c),[3] or in the alternative actual damages, which are also allowed under 17 U.S.C. § 504(b). Gerig further seeks rea-

---

3. Section 504 provides:

(a) In General.—Except as otherwise provided by this title, an infringer of copyright is liable for either—

(1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or

(2) statutory damages, as provided by subsection (c).

(b) Actual Damages and Profits.—The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

(c) Statutory Damages.—

(1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $500 or more than $20,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

(2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $100,000. In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200....

17 U.S.C. § 504.

sonable attorney fees and costs, as permitted by 17 U.S.C. § 505.[4]

"[T]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to ... copyrights.... Such jurisdiction shall be exclusive of the courts of the states in ... copyright cases." 28 U.S.C. § 1338(a).

"[A]n action 'arises under' the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act, ... or asserts a claim requiring construction of the Act, .. or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim."

*T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir.1964), *cert. denied*, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965).[5]

■ "The question of whether the breach of a contract licensing or assigning a copyright gives rise to a federal cause of action under the Copyright Act is a complex issue in a 'murky' area." *Schoenberg v. Shapolsky Publishers, Inc.*, 971 F.2d 926, 931 (2d Cir.1992). To help alleviate some of the "murkiness" in this area, the *Schoenberg* Court established a three-pronged test to provide district courts "with significant guidance for determining whether a breach of a contract, licensing or assigning a copyright, gives rise to a federal cause of action under the Copyright Act." *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, No. 91 Civ. 4092(PKL), 1998 WL 734355, at *6 (S.D.N.Y. Oct. 15, 1998). Under the test enunciated in *Schoenberg*, the court must first "ascertain whether the plaintiff's infringement claim is only 'incidental' to the plaintiff's claim seeking a determination of ownership or contractual rights under the

copyright." *Schoenberg*, 971 F.2d at 932. If the court determines the claim is not merely incidental, then it must "next determine whether the complaint alleges a breach of a condition to, or a covenant of, the contract licensing or assigning the copyright." *Id.* If the complaint alleges a breach of condition, then the court has subject matter jurisdiction. *Id.* However, if the complaint merely alleges a breach of contractual covenant, "then the court must undertake a third step and analyze whether the breach is so material as to create a right of rescission in the grantor." *Id.* at 932–33. If the alleged breach would create a right of rescission, then the claim arises under the Copyright Act. *Id.* at 933.

■ In *Encyclopedia Brown Productions, Ltd.*, the court held that the "test set forth by the Schoenberg Court is applicable to situations were [sic] a court must determine whether the actions taken by the alleged infringer were sufficient to constitute a breach of a condition or a covenant such that recision would be in order, thus making subsequent use of the copyright an infringement." *Id.* at *7. The court found that the test does not apply to situations in which defendants exceed the duration of the contemplated agreement. *Id.* at *7. Once an assignment or license has expired, "the copyright proprietor may hold his former grantee liable as an infringer for subsequent use of the work." *Id.* This proposition has found support among other courts and commentators. *See e.g., Kamakazi Music Corp. v. Robbins Music Corp.*, 684 F.2d 228, 230 (2d Cir.1982) (finding claim arose under the Copyright Act; "Kamakazi sued Robbins for publishing Manilow works after the contract between the two had expired.

---

4. Section 505 states:

In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

5. In an unpublished opinion, the Tenth Circuit adopted the Second Circuit's "now well accepted criteria for determining when a claim arises under the Copyright Act." *Oklahoma Natural Gas Co. v. LaRue*, 156 F.3d 1244, 1998 WL 568321, at *11 (Sept. 1, 1998) (unpublished opinion).

Once the contract had expired, Robbins was liable for infringement of Kamakazi's copyrights."); *Demalco Ltd. v. Feltner,* 588 F.Supp. 1277, 1280 (S.D.N.Y.1984) ("Because the contract between Rapaport and plaintiff expired by its own terms, Rapaport's attempt to exploit the film after its expiration was, if anything, an infringement of plaintiff's license, not a breach of contract."); *Berger v. Computer Information Publ'g, Inc.,* No. 84 Civ. 0331(JFK), 1984 WL 595, at *2 (S.D.N.Y. July 2, 1984) ("An action for copyright infringement lies once a licensing contract expires."); 3 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 12.01[A][1][a], at 12–6 (1998) ("[A]lthough contract determinations nominally belong in state court, notwithstanding the existence of a contractual relationship between the parties, if the defendant's conduct is alleged to be without authority under such contract and further to constitute an act of statutory copyright infringement, then federal jurisdiction will be invoked.") (footnotes omitted).

■ The court finds that Gerig's copyright claim "arises under" the Copyright Act. In this case, as in *Encyclopedia Brown Productions, Ltd.,* the court is not presented with the question of whether or not the acts of Krause were sufficient to constitute a termination of the agreement. Rather, this case is one in which Krause is alleged to have published the images beyond the scope contemplated in the agreement. Further use of the images beyond their publication in the magazine required Gerig's consent. Therefore, because the alleged contract had expired, the court finds Gerig has a potential claim for copyright infringement, which rightfully belongs in this court.

## IV. Statutory Damages and Attorney's Fees under 17 U.S.C. § 412

Krause argues that Gerig's claims for statutory damages and attorney fees are barred under 17 U.S.C. § 412,[6] which provides:

> In any action under this title, ... no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for—
>
> (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or
>
> (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

■ Section 412 "leaves no room for discretion, mandating that no attorney's fees or statutory damages be awarded so long as the infringement commenced before registration of the copyright." *Johnson v. Jones,* 149 F.3d 494, 505 (6th Cir. 1998). "[I]nfringement 'commences' for the purposes of § 412 when the first act in a series of acts constituting continuing infringement occurs." *Id.* at 506.

■ All but three of the 70 images were previously published in the magazine between October 1991 and February 1995. Three of the images were never published until they appeared in the book. Registration for the book states that it was published on October 8, 1997. The effective date of the book's registration was October 21, 1997.

The court finds that § 412(2) bars Gerig's claim for statutory damages and attorney fees with regard to the images that were first published in the magazine. The creation of the book constitutes the first act of alleged infringement. *Parfums Giv-*

**6.** In response to Krause's argument that section 412 bars his claims for statutory damages and attorney's fees, Gerig relies on *Curtis v. General Dynamics Corp.,* 1990 WL 302725, 18 U.S.P.Q.2d 1608 (W.D.Wash.1990) and contends that Krause's registration of the book works to his benefit for purposes of determining the availability of statutory damages and attorney's fees. The court finds Gerig's argument without merit.

*enchy v. C & C Beauty Sales, Inc.*, 832 F.Supp. 1378, 1393 (C.D.Cal.1993). Therefore, the alleged infringement occurred on October 8, 1997, which was before Gerig's registrations became effective in December 1997 and January 1998. The three-month grace period for registration provided for in § 412(2) does not apply here because Gerig did not receive his registrations within three months of their being first published in the magazine. Therefore, the court finds that Gerig's claims for statutory damages and attorney fees under §§ .504 and 505 should be stricken.

Section 412(1) bars Gerig's claims for statutory damages and attorney fees on the three images that were first published in the book. Until the book was published on October 8, 1997, these images were "unpublished." The alleged infringement occurred before the effective date of the images' registration, which was on December 2, 1997. Therefore, Gerig's claim for statutory damages and attorney's fees will also be dismissed with regard to the three images that first appeared in the book.

 Although section 412 bars Gerig from recovering statutory damages and attorney's fees, he may still be entitled to actual damages. "Section 412 is not a prohibition against the award of actual damages. Actual damages are proper for acts of infringement occurring before or after the effective date of the registration." *Streeter v. Rolfe*, 491 F.Supp. 416, 422 (W.D.La.1980); *see also Business Trends Analysts, Inc. v. Freedonia Group, Inc.*, 887 F.2d 399, 404 (2d Cir.1989) ("Because BTA did not register the Predicasts study until after the infringement, BTA is not eligible for statutory damages and is limited to actual damages and profits under Section 504(b)."); *Fitzgerald Publishing Co. v. Baylor Publishing Co.*, 670 F.Supp. 1133, 1138 (E.D.N.Y.1987) (finding plaintiff was not entitled to statutory damages or attorney's fees for infringements that occurred prior to registration, but could recover any actual damages it could prove).

## V. Conclusion

In sum, the court finds that subject matter jurisdiction existed from the time Gerig's complaint was filed in February 1998. The contract claim, based on diversity, provides the basis for subject matter jurisdiction because Gerig is a Kansas resident and Krause is a Wisconsin resident, and the amount in controversy exceeds $75,000. While the copyright claim was not properly before the court until Gerig received his registrations, he now has obtained the required registrations and has filed an amended complaint which satisfies the statute. The court finds 17 U.S.C. § 412 bars Gerig's claims for statutory damages and attorney's fees with regard to all 70 images. However, he may still recover any actual damages suffered.

IT IS ACCORDINGLY ORDERED this 15th day of July, 1999 that the defendant's motion to dismiss is granted in part and denied in part as provided herein.