**WE CARE HAIR DEVELOPMENT, INC., Plaintiff–Appellee,**

v.

**Eric ENGEN, Joel Sundquist, Joann M. Sundquist, et al., Defendants–Appellants.**

Nos. 97–3908, 98–1475.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 29, 1998.

Decided June 11, 1999.

Edward W. Dunham (argued), Kevin M. Kennedy, Wiggin & Dana, New Haven, CT, Howard L. Teplinsky, Seidler & McErlean, Chicago, IL, for Plaintiff–Appellee.

David M. Duree (argued), Reinert & Duree, St. Louis, MO, for Defendants–Appellants.

Before POSNER, Chief Judge, and BAUER and WOOD, Jr., Circuit Judges.

HARLINGTON WOOD, JR., Circuit Judge.

Defendants-appellants, franchisees of We Care Hair Development, Inc. ("We Care Hair"), appeal from a judgment of the district court ordering them to arbitrate their various state law claims against plaintiff-appellee We Care Hair and enjoining them from proceeding in a pending state court lawsuit.

## BACKGROUND

On February 4, 1997, a group of We Care Hair franchisees filed a class action lawsuit in the circuit court for Madison County, Illinois against We Care Hair, Doctor's Associates, Inc., Frederick DeLuca, Peter Buck, John Amico, and several others, alleging breach of fiduciary duty, fraud, and violations of the Illinois Franchise Disclosure Act, the Consumer Fraud and Deceptive Business Practices Act, and the Illinois Anti–Trust Statute. Because its franchise agreements with the class action plaintiffs all contained arbitration clauses, in April 1997, We Care Hair filed fifteen petitions in the federal district court for the northern district of Illinois under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, to compel arbitration and to enjoin the state court proceeding pending the completion of arbitration. These petitions were consolidated into one case. In this federal suit, We Care Hair was the sole plaintiff and fifty-three of the sixty-four state plaintiffs were named as defendants. The remaining eleven state plaintiffs, all Illinois residents,

were not included in the federal action.[1] The case was assigned to Judge Joan Gottschall.[2]

In May and August 1997, the state court in Madison County entered judgments under Illinois Supreme Court Rule 304(a) holding the arbitration clauses in the franchise agreements void and unenforceable. Rule 304(a) allows immediate appeal of an order that disposes of fewer than all of the claims between all of the parties. The state court defendants, including We Care Hair, appealed these adverse decisions to the Illinois Appellate Court.

Meanwhile, in April 1997, in federal court, the defendant franchisees filed a motion to dismiss We Care Hair's petition for lack of subject matter jurisdiction. After ordering We Care Hair to show that the requisite amount in controversy existed to satisfy 28 U.S.C. § 1332, on August 5, 1997, the district court denied the motion to dismiss. The franchisees also filed a motion to stay the federal action which was denied.

On September 25, 1997, the district court entered a judgment order compelling the fifty-three federal defendant franchisees to arbitrate their claims against We Care Hair and enjoining them from further action in the state court lawsuits. After their post-judgment motions were denied, on October 31, 1997, the defendant franchisees filed their notice of appeal in this case.

In January 1998, when the fifty-three enjoined franchisees failed to withdraw their appearances from two pending appeals in the state action, We Care Hair filed a motion to show cause why the franchisees and their attorneys should not be held in contempt for violating the district court's injunction. The district court denied this motion for a contempt citation but ordered the enjoined franchisees to withdraw from the state court appeals. The eleven Illinois franchisees continued to defend these appeals. On May 1, 1998, the Illinois Appellate Court dismissed the appeals for lack of jurisdiction, holding that, although the trial court had included Rule 304(a) language in its rulings, an analysis of the substance of the rulings revealed that they were nonfinal and, therefore, not appealable. The state appellate court determined that, while the trial court's order struck one of the defendants' affirmative defenses, it did not dispose of any cause of action in the plaintiffs' complaint.

A brief recap of the underlying agreements is in order. Doctor's Associates, Inc., is a Florida corporation owned by Frederick DeLuca and Peter Buck. Doctor's Associates, Inc., is the franchisor of the Subway sandwich shops and the fried chicken franchise chain Cajun Joe's. Doctor's Associates, Inc., together with John Amico, also owns We Care Hair, Inc., the franchisor of the We Care Hair salons.

All of the appellant-franchisees entered into franchise agreements with We Care Hair, Inc. Each of these franchise agreements contains a clause requiring arbitration as a condition precedent to the commencement of legal action for all disputes arising out of or relating to the franchise agreement. The franchise agreements all provide that they shall be governed by and construed in accordance with the laws of

1. Because the FAA does not provide independent federal question jurisdiction, *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25 n. 32, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), We Care Hair based its suit on diversity jurisdiction pursuant to 28 U.S.C. § 1332.

2. On May 1, 1997, another group of defendants from the class action suit, The Barbers, Hairstyling for Men and Women, Inc. and its affiliates, filed a separate petition to compel arbitration. This case, filed in the federal district court for the northern district of Illinois, was assigned to Judge Milton Shadur. On May 5, 1997, Judge Shadur, *sua sponte*, dismissed The Barbers' petition, finding that it failed to satisfy the amount in controversy requirement for diversity jurisdiction. We vacated this decision and remanded the case for further proceedings. *The Barbers, Hairstyling for Men and Women, Inc. v. Bishop*, 132 F.3d 1203, 1206 (7th Cir.1997).

the State of Illinois. All of the franchisees were required to sublease their premises from a leasing company, We Care Hair Realty, which is an alter ego of We Care Hair, Inc. The rent under the subleases is the same as the rent under the master leases between the landlords and We Care Hair Realty, and the franchisees are directed to pay their rent directly to the landlords.

Under the subleases, arbitration is not required; the leasing company may file an eviction lawsuit against a franchisee for any breach of the sublease. The subleases contain cross-default provisions which make every breach of the franchise agreement a breach of the sublease. The uniform offering circular for We Care Hair salons clearly states that "the provisions in the franchise agreement concerning ... arbitration ... do not apply to [the] sublease." The offering circular also advises prospective franchisees that the leasing company, We Care Hair Realty, could terminate a franchisee's sublease without We Care Hair also terminating the franchise agreement, a situation which could render the franchise agreement valueless. Appellants concede that the offering circulars disclosed that, notwithstanding the arbitration clause in the franchise agreement, the leasing company could terminate the sublease and evict the franchisee for any breach of the sublease, including a breach of the franchise agreement.

## ANALYSIS

■ Appellants first challenge the district court's finding that it had jurisdiction to address We Care Hair's petition. We review de novo a district court's decision regarding subject matter jurisdiction. *United States v. Brisk*, 171 F.3d 514, 519 (7th Cir.1999).

The FAA provides:

A party aggrieved by the alleged ... refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court, which, save for such agreement, would have jurisdiction under Title 28, in a civil action ... of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4. As the Supreme Court has noted, "[s]ection 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue." *Moses H. Cone Memorial Hosp.*, 460 U.S. at 25 n. 32, 103 S.Ct. 927.

In the present case, We Care Hair claimed jurisdiction under 28 U.S.C. § 1332. After ordering We Care Hair to present evidence that the amount in controversy requirement was satisfied, the district court held that diversity jurisdiction existed. Appellants argue that this decision was in error because We Care Hair has insufficient assets to pay more than $15,000 to each set of named plaintiff-franchisees.

■ As we have previously held, "[u]nless it is legally certain that the stakes of the arbitration would be $75,000 or less per franchisee, then the claim satisfies the jurisdictional minimum." *The Barbers*, 132 F.3d at 1205. The franchisees' state court complaint sought no more than $74,950 for each plaintiff. However, since the present suit is not a removal suit but rather an independent federal suit, it is the stakes of the arbitration and not the possible state court award that control, and an arbitrator could award more than the amount sought in the state court complaint. *Id.* at 1205–06. Additionally, even at oral argument before this court, counsel for the appellant-franchisees would not commit to a judgment of $75,000 or less against We Care Hair. Solvency to satisfy a judgment is not a consideration under 28 U.S.C. § 1332. It is not legally certain that the stakes would be $75,000 or less for

each franchisee. We Care Hair satisfies the amount in controversy requirement.

■ Appellants further contend there is no federal statutory authority to compel arbitration when the damage claims for which arbitration is sought are pending in a non-removable state action. Under 9 U.S.C. § 4, a district court may compel arbitration if that court "would have jurisdiction . . . of the subject matter of a suit arising out of the controversy between the parties." Appellants ask this court to interpret "the controversy between the parties" to mean the underlying claim for damages. Since the underlying claim for damages in this case includes non-diverse parties, under that interpretation, federal jurisdiction would not exist. Counsel for appellants raised this same issue in a related suit in the Second Circuit, *Doctor's Associates, Inc. v. Hamilton*, 150 F.3d 157, 161 (2d Cir.1998). The Second Circuit rejected the argument, citing an earlier decision in another related case, *Doctor's Associates, Inc. v. Distajo*, 66 F.3d 438, 444 (2d Cir.1995). The Second Circuit concluded that § 4's reference to "the parties" included the parties to the petition to compel arbitration and not the parties named in the parallel state court proceeding. *Hamilton*, 150 F.3d at 161.

While appellants are correct in stating that the Second Circuit ruling might result in multiple actions in multiple courts, we find the Second Circuit's reasoning to be persuasive. We Care Hair has alleged disputes worth more than $75,000 with completely diverse franchisees. The fact that other disputes with non-diverse franchisees may exist is irrelevant. As the Supreme Court has held, piecemeal resolution may be required "when necessary to give effect to an arbitration agreement." *Moses H. Cone Memorial Hosp.*, 460 U.S. at 20, 103 S.Ct. 927. Diversity jurisdiction exists, and the district court had authority to compel arbitration under 9 U.S.C. § 4.

■ Appellants next contend that the district court erred in failing to give full faith and credit to the Madison County decisions holding the arbitration clauses void and unenforceable. Under 28 U.S.C. § 1738, federal courts are required to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the state from which the judgments emerged. *Marx v. M & I Bank of Watertown*, 17 F.3d 1012, 1014 (7th Cir.1994). Therefore, we must determine whether the Madison County judgments would be afforded preclusive effect under Illinois law. In Illinois, the preclusive doctrine of res judicata applies if (1) a final judgment on the merits has been entered by a court of competent jurisdiction; (2) an identity of causes of action exists; and (3) the parties or their privies are identical in both lawsuits. *DeLuna v. Treister*, 185 Ill.2d 565, 236 Ill.Dec. 754, 708 N.E.2d 340, 344 (1999). As the Illinois Appellate Court determined in its May 1, 1998 ruling, the Madison County court's order holding the arbitration clauses void and unenforceable was not a final order. Res judicata does not apply, and the district court did not err in conducting its own analysis as to the enforceability of the arbitration clauses.

■ Under the FAA, arbitration clauses "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In the present case, the district court found the arbitration clauses to be valid and enforceable and entered an order compelling arbitration. Appellants' contend that this ruling was in error because the arbitration clauses and the cross-default provisions in the subleases are both unconscionable and against public policy. We review a district court's decision to compel arbitration *de novo*. *Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 909 (7th Cir. 1999).

■ State contract defenses may be applied to invalidate arbitration clauses if those defenses apply to contracts generally. *Doctor's Associates, Inc. v. Casarotto*,

517 U.S. 681, 687, 116 S.Ct. 1652, 1656, 134 L.Ed.2d 902 (1996). In the present case, Illinois law applies. Appellants claim that the arbitration clause, when coupled with the cross-default provision of the sublease, is unconscionable because it requires the franchisees to arbitrate their claims while permitting the franchisor to litigate its claims through eviction actions filed in the name of the alter ego leasing company. As we have noted, "[i]n assessing whether a contractual provision should be disregarded as unconscionable, Illinois courts look to the circumstances existing at the time of the contract's formation, including the relative bargaining positions of the parties and whether the provision's operation would result in unfair surprise." *Cognitest Corp. v. Riverside Pub. Co.*, 107 F.3d 493, 499 (7th Cir.1997) (citing *J.D. Pavlak, Ltd. v. William Davies Co.*, 40 Ill.App.3d 1, 351 N.E.2d 243, 246 (1976)). A contract is unconscionable when, viewed as a whole, "it is improvident, oppressive, or totally one-sided." *Streams Sports Club, Ltd. v. Richmond*, 99 Ill.2d 182, 75 Ill.Dec. 667, 457 N.E.2d 1226, 1232 (1983). "The presence of a commercially unreasonable term, in the sense of a term that no one in his right mind would have agreed to, can be relevant to drawing an inference of unconscionability but cannot be equated to it." *The Original Great Am. Chocolate Chip Cookie Co., Inc. v. River Valley Cookies, Ltd.*, 970 F.2d 273, 281 (7th Cir. 1992) (citing *Lincoln Cardinal Partners v. Barrick*, 218 Ill.App.3d 473, 161 Ill.Dec. 189, 578 N.E.2d 316, 320 (1991); *Amoco Oil Co. v. Ashcraft*, 791 F.2d 519, 522 (7th Cir.1986)).

■ The arbitration clauses in the present case cannot be viewed as creating unfair surprise. Before signing the franchise agreement and the sublease, each franchisee was provided with a copy of the uniform offering circular which clearly disclosed that the leasing company could bring eviction proceedings for any breach of the sublease, including a breach of the franchise agreement. Furthermore, the franchisees were "not vulnerable consumers or helpless workers," but rather "business people who bought a franchise." *The Original Great Am. Chocolate Chip Cookie Co., Inc.*, 970 F.2d at 281. We cannot conclude that, in acquiring their franchises, the franchisees were "forced to swallow unpalatable terms." *Id.* The arbitration clauses, even when coupled with the cross-default provisions of the subleases, are not unconscionable.

Appellants next assert that the arbitration clauses are void and unenforceable as against public policy because they include penalty clauses, require multiple actions in multiple forums, and are contrary to the Illinois Franchise Disclosure Act, 815 ILCS § 705/1 *et seq.* These claims are all without merit.

■ First, the threat of eviction for a breach of a lease does not constitute an impermissible penalty clause. Secondly, citing *Fireman's Fund Ins. Companies v. Bugailiskis*, 278 Ill.App.3d 19, 214 Ill.Dec. 989, 662 N.E.2d 555 (1996), appellants contend that the arbitration clauses contravene the goal of arbitration to provide a speedy, informal, and inexpensive procedure for resolving disputes by requiring multiple actions in multiple forums. *Fireman's Fund Ins.*, however, is inapposite to the present case. In *Fireman's Fund Ins.*, the court examined an arbitration clause which permitted non-binding arbitration which allowed the parties to demand a trial following arbitration in certain instances, a situation not at issue in the present case. Furthermore, as previously noted, piecemeal resolution may be required "when necessary to give effect to an arbitration agreement." *Moses H. Cone Memorial Hosp.*, 460 U.S. at 20, 103 S.Ct. 927.

■ Finally, as appellants concede, the Illinois Franchise Disclosure Act does not preclude the enforcement of arbitra-

tion clauses.[3] Appellants contend that other dispute resolution provisions contained in the franchise agreements violate the Act. However, in analyzing a motion to compel arbitration, the court must only consider issues relating to "the making of the agreement for arbitration or the failure to comply therewith." 9 U.S.C. § 4. Once the court determines that an arbitration clause is enforceable, the status of the other contract terms is for the arbitrator to decide. *Prima Paint v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403–04, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). The arbitration clauses are valid and enforceable. The district court did not err in compelling arbitration.

Appellants' final contention is that the district court erred in enjoining them from proceeding in the Madison County lawsuit and in ordering them to withdraw from the appeals that were pending before the Illinois Appellate Court. Under 28 U.S.C. § 2283, a district court may "stay proceedings in a State court ... where necessary ... to protect or effectuate its judgments." Once the district court determined that the arbitration clauses were valid, it did not abuse its discretion in enjoining appellants from proceeding in the state court lawsuit. *See Planned Parenthood of Wisconsin v. Doyle*, 162 F.3d 463, 465 (7th Cir.1998) (holding proper standard of review is for abuse of discretion). Appellants argue that the injunction was unnecessary because We Care Hair could simply dismiss its state appeals. However, as the district court expressly noted, the Illinois resident franchisees, who were not bound by the order compelling arbitration, could continue prosecuting the state court suit. Furthermore, appellants concede that all of the state court defendants were sued based on their relationship to We Care Hair. Allowing appellants to proceed in the state court suit

would threaten the validity of the district court's order compelling arbitration.

## CONCLUSION

For the foregoing reasons, the decision of the district court is AFFIRMED.

---

**3.** We assume, without deciding the issue, that the Illinois Franchise Disclosure Act applies

to the franchise agreements in question.