**Sandra A. CABRAL, Plaintiff,**

v.

**Ronald WILLARD and American Family Mutual Insurance Company, Defendants.**

No. CIV.A. 03–2531–DJW.

United States District Court, D. Kansas.

Aug. 24, 2004.

John G. O'Connor, Robb, Taylor & O'Connor, Kansas City, KS, for Plaintiff.

Kevin O. Murphy, Overland Park, KS, represented by Leo L. Logan, Coates & Logan, LLC, Overland Park, KS, for Defendants.

### MEMORANDUM AND ORDER

WAXSE, United States Magistrate Judge.

This matter is before the Court on Defendant Willard's Motion for Dismissal (doc. 24) and Motion to Amend his Answer (doc. 25). Defendant Willard moves for dismissal of this action for lack of subject matter jurisdiction because Plaintiff has not alleged a matter in controversy exceeding the sum or value of $75,000, as required by 28 U.S.C. § 1332. All parties have consented to the authority of the undersigned magistrate judge to exercise jurisdiction under 28 U.S.C. § 636(c). For the reasons set forth below, Defendant Willard's Motion for Dismissal is denied and Motion to Amend his Answer is granted.

## I. Factual Background

On October 18, 2002, while traveling northbound on interstate I–35 in Johnson County, Kansas, Plaintiff's 2000 Ford Explorer was struck in the rear by a 1987 Mercedes owned and operated by Defendant Ronald Willard when Plaintiff was forced to stop suddenly when the vehicle in front of her abruptly stopped. Plaintiff, a citizen of Missouri, bring this action against the driver of the Mercedes which struck her, Defendant Ronald Willard, a citizen of Kansas. At the time of the accident, Plaintiff had uninsured motorist coverage through a motor vehicle insurance policy issued by Defendant American Family Mutual Insurance Company ("American Family"), a Wisconsin corporation. Plaintiff also bring this action against Defendant American Family, contending that it is contractually liable for the damages otherwise recoverable due to the fault of the unidentified motorist who caused Plaintiff to stop suddenly.

In her Complaint, Plaintiff claims that as a direct and proximate result of the vehicular accident she "has been caused to experience and incur injuries to her person, medical expenses, lost wages, disabilities, disfigurement, pain, suffering and mental anguish, all in the past, and is reasonably likely to experience additional such damages in the future."[1] Plaintiff's Complaint further alleges that "this Court has diversity jurisdiction in the instant matter pursuant to 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,-000."[2]

Defendant Willard now moves for dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a) because Plaintiff's

medical treatment bills to date total less than four thousand dollars. Defendant Willard argues that this shows Plaintiff could not have a good faith belief that her recovery exceeds the $75,000 amount in controversy requirement for federal diversity jurisdiction. In response, Plaintiff contends that Defendant Willard admitted in his Answer that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 and that the amount in controversy exceeds $75,000. She also contends that even if Defendant Willard did not waive any objection based upon lack of subject matter jurisdiction, it would be improper for the Court to make a determination as a matter of law that the trier of fact could not, under any circumstances, find her damages to exceed $75,000. Plaintiff claims that the extent of her damages is a jury question and that Defendant Willard has not shown that her damages could not potentially exceed $75,000.

## II. Motion for Dismissal Based on Failure to Meet Amount in Controversy

### A. Whether Defendant Willard's admission in his answer waived any objection to subject matter jurisdiction

■ In her response to the Motion for Dismissal, Plaintiff argues that Defendant Willard admitted in his Answer that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 and that the amount in controversy exceeds $75,000. The Tenth Circuit rejected a similar argument in *Huffman v. Saul Holdings Ltd. Partnership*,[3] stating that "the parties cannot 'concede' jurisdiction by agreeing that the jurisdictional amount requirement has been satisfied. The court's obligation to determine the presence of the appropriate

---

1. Complaint (doc. 1) ¶ 8.

2. Complaint (doc. 1) ¶ 4.

3. 194 F.3d 1072, 1079 n. 4 (10th Cir.1999).

amount in controversy is independent of the parties' stipulations."[4] Defendant Willard's admission in his Answer that the amount in controversy exceeds $75,000 therefore does not establish that the Court has diversity jurisdiction over this matter.

### B. Whether Plaintiff has met the amount in controversy requirement

As Defendant Willard cannot concede that the statutory jurisdictional amount has been met, the Court must make its own determination whether it has subject matter jurisdiction over this matter. That determination requires the Court to ascertain whether the matter in controversy exceeds the $75,000 statutory jurisdictional amount.

■ Section 1332(a)(1) of Title 28 of the United States Code grants federal courts jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000 and there is diversity of citizenship.[5] For purposes of federal diversity jurisdiction, the determination of the value of the matter in controversy is a federal question to be decided under federal standards, although the court must look to state law to determine the nature and extent of the right to be enforced in a diversity case.[6]

The United States Supreme Court in *St. Paul Mercury Indemnity Co. v. Red Cab Co.*,[7] set forth the legal certainty rule governing dismissal for failure to exceed the statutory jurisdictional amount:

The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed. Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.[8]

[3–6] Under the legal certainty rule, it must appear to the district court to a "legal certainty" that the plaintiff's claim is really for less than the jurisdictional amount in order to justify dismissal based on an insufficient jurisdictional amount.[9] The burden is on the party asserting jurisdiction to show it is not a legal certainty

---

**4.** *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 n. 4 (10th Cir.1999) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995)); *see also Sokkia Credit Corp. v. Bush*, 147 F.Supp.2d 1101, 1103–04 (D.Kan.2001) (defendant's concession in a settlement agreement that, in the event of default, the amount in controversy exceeds the jurisdictional minimum did not establish the court's jurisdiction.).

**5.** 28 U.S.C. § 1332(a).

**6.** *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352–53, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961).

**7.** 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938)

**8.** *St. Paul Mercury*, 303 U.S. at 288–90, 58 S.Ct. 586 (internal citations omitted).

**9.** *St. Paul Mercury*, 303 U.S. at 289, 58 S.Ct. 586; *Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003); *Adams v. Reliance Std. Life Ins. Co.*, 225 F.3d 1179, 1183 (10th Cir.2000).

that the amount in controversy is less than the jurisdictional amount.[10] As a general rule, pleading damages in excess of the amount in controversy requirement in the complaint is sufficient to satisfy the jurisdictional requirement unless it appears to a legal certainty that plaintiff in good faith cannot claim that amount.[11] The relevant date for determining whether the jurisdictional requirement has been met is the date the plaintiff filed the complaint.[12]

"Although allegations in the complaint need not be specific or technical in nature, sufficient facts must be alleged to convince the district court that recoverable damages will bear a reasonable relation to the minimum jurisdictional floor."[13] This Court has construed this to mean that "[i]f the legal impossibility of recovery of [the minimal jurisdictional amount] is so certain that it virtually negates the Plaintiff's good faith in asserting the claim, the court must dismiss the action for lack of jurisdiction."[14]

In *Woodmen of World Life Insurance Society v. Manganaro*,[15] the Tenth Circuit observed that because the legal certainty rule is very strict, "it is difficult for a dismissal to be premised on the basis that the requisite jurisdictional amount is not satisfied."[16] The Tenth Circuit also noted that "[t]here is a strong presumption favoring the amount alleged by the plaintiff."[17] Generally, dismissal under the legal certainty rule will be warranted only when a contract limits the possible recovery, when the law limits the amount recoverable, or when there is an obvious abuse of federal court jurisdiction.[18]

Defendant Willard moves for dismissal of this action based upon the small amount of medical expenses to date incurred by Plaintiff. By Defendant Willard's calculations, Plaintiff has incurred $3,415.67 in total medical treatment expenses. He further points out that in the seven months since her last visit to the chiropractor, Plaintiff has not sought medical treatment for pain resulting from the motor vehicle accident. He argues that this demonstrates Plaintiff did not have a good faith belief that the amount in controversy exceeds the $75,000 jurisdictional minimum. In response, Plaintiff argues that it would be improper for the Court to make a determination as a matter of law that the fact finder could not, under any circumstances, find her ·damages to exceed $75,000. She further argues that the ex-

**10.** *Adams*, 225 F.3d at 1183 (citing *Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir. 1994)).

**11.** *St. Paul Mercury*, 303 U.S. at 288–89, 58 S.Ct. 586; *Adams*, 225 F.3d at 1183; *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir.1964).

**12.** *Hanlon Chem. Co., Inc. v. United Fire & Cas. Co.*, No. Civ.A. 02–2416–GTV, 2003 WL 22466190, at *2 (D.Kan. Aug. 20, 2003) (citing *Fitzgerald v. City of Ottawa*, 975 F.Supp. 1402, 1406 (D.Kan.1997)).

**13.** *Adams*, 225 F.3d at 1183; *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1272 (10th Cir.1998) (quoting *Gibson v. Jeffers*, 478 F.2d 216, 221 (10th Cir.1973)).

**14.** *Hanlon Chem.*, 2003 WL 22466190, at *2 (quoting *Fitzgerald*, 975 F.Supp. at 1405–06).

**15.** 342 F.3d 1213, 1216 (10th Cir.2003).

**16.** *Woodmen*, 342 F.3d at 1216 (citing 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3702, at 97–98 (3d ed.1998)).

**17.** *Id.* at 1217 (citing *Adams*, 225 F.3d at 1183); *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir.1998).

**18.** *Woodmen*, 342 F.3d at 1216 (citing 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3702, at 98–101 (3d ed.1998)); *Gerig v. Krause Publ'ns, Inc.*, 58 F.Supp.2d 1261, 1264 (D.Kan.1999).

tent of her damages is a jury question and that Defendant Willard has not shown that her damages could not potentially exceed $75,000.

Based upon a review of the record and Plaintiff's Complaint, the Court finds that Plaintiff has asserted an amount in controversy exceeding $75,000 in her Complaint. The Court further finds that the damages claims asserted by Plaintiff in her Complaint bear a reasonable relation to the minimum jurisdictional floor. Even though Plaintiff may have incurred less than four thousand dollars in medical treatment expenses to date, she alleges other damages, including lost wages, disabilities, disfigurement, pain and suffering, as well as future damages. Considering the array of damages claimed, the Court does not find Plaintiff's claim that the amount in controversy exceeds $75,000 to be so unrealistic as to show bad faith or an abuse of federal court jurisdiction. While Plaintiff's medical treatment expenses to date do not exceed $75,000 by themselves, this does not make it a legal certainty that Plaintiff's total damages resulting from "medical expenses, lost wages, disabilities, disfigurement, pain, suffering and mental anguish, all in the past," and any additional damages she is reasonably likely to experience in the future, would be less than the $75,000 amount in controversy requirement. "The test to determine amount in controversy is not the sum ultimately found to be due, but the sum demanded in good faith." [19]

In addition, Defendant Willard does not claim that the terms of a contract or a specific rule of law limits Plaintiff's possible recovery. While K.S.A. 60–19a02 does limit the amount a plaintiff can recover for non-economic damages, such as emotional pain and suffering, to $250,000, this statutory cap would not limit the amount recoverable by Plaintiff to less than the statutory jurisdictional minimum.

The Court therefore holds that it is not a legal certainty that the damages claimed by Plaintiff for injuries to her person, medical expenses, lost wages, disabilities, disfigurement, pain, suffering and mental anguish, and any future damages would be less than the minimum jurisdictional amount of $75,000. The Court finds Plaintiff has made the claim in good faith, and there is no indication that it appears to a "legal certainty that the claim is really for less than the jurisdictional amount." [20] Because it does not appear to a legal certainty that Plaintiff's claim is really for less than the minimum jurisdictional amount, Defendant Willard's Motion for Dismissal must therefore be denied.

### III. Motion for Leave to Amend Answer

[13] In connection with his Motion for Dismissal, Defendant Willard has also filed his Motion to Amend his Answer (doc. 25). In his original Answer filed on February 17, 2004, Defendant Willard admitted paragraph 4 of Plaintiff's Complaint alleging federal court diversity jurisdiction, specifically that the amount in controversy requirement exceeds $75,000. Now, Defendant Willard seeks leave to amend his Answer to deny paragraph 4 of Plaintiff's Complaint. Plaintiff opposes the motion on the grounds that it is untimely as it is filed more than eight weeks after the Scheduling Order deadline for filing motions to amend.

While untimeliness alone is sufficient reason for denying a motion to amend a pleading,[21] the Court finds that, at the time

---

**19.** *Gibson v. Jeffers,* 478 F.2d 216, 220 (10th Cir.1973).

**20.** *St. Paul Mercury,* 303 U.S. at 289, 58 S.Ct. 586.

**21.** *Pallottino v. City of Rio Rancho,* 31 F.3d

he filed his original Answer, Defendant Willard likely had not conducted discovery into the amount of Plaintiff's damages. Thus, it would be unjust to deny him leave to amend his answer based upon the late filing of his motion to amend his answer. Furthermore, the amendment sought by Defendant Willard will not prejudice Plaintiff because, as held above, whether Defendant Willard admitted or denied Plaintiff's allegation that the amount in controversy exceeds $75,000 in his Answer has no effect on whether this Court has diversity jurisdiction over the action. Defendant Willard may therefore amend his Answer to deny paragraph 4 of Plaintiff's Complaint. Defendant Willard's Motion to Amend his Answer is granted.

**IT IS THEREFORE ORDERED** that Defendant Willard's Motion for Dismissal (doc. 24) is DENIED.

**IT IS FURTHER ORDERED** that Defendant Willard's Motion to Amend Answer (doc. 25) is GRANTED. *Within ten (10) days of the date of this Memorandum and Order,* Defendant Willard shall file and serve his Amended Answer.

IT IS SO ORDERED.