**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 16 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ZEE MEDICAL, INC., a California
corporation,

       Plaintiff-Counter-
        Defendant-Appellant,

McKESSON CORPORATION, a
Delaware corporation,

       Plaintiff-Appellant,

v.

MICHELLE MILLER, an individual;
FIRST AID 2000, LLC, a Colorado
corporation,

       Defendants-
       Counter-Claimants-Third-
       Party-Plaintiffs-Appellees,

v.

ART RECEK; BETSY CRAIG,

       Third-Party-Defendants.

No. 04-1255
(District of Colorado)
(D.C. No. 04-M-533 (OES))

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.

## I. Introduction

Defendant, Michelle Miller, worked as a sales representative for Plaintiff, Zee Medical, Inc. ("Zee Medical") from 1995 until she was terminated in December 2003. A few weeks after her termination, Miller took a position as a sales representative with defendant, First Aid 2000 ("FA2000"). Zee Medical brought suit against Miller and FA2000, alleging violations of the terms of two covenants not to compete and a confidentiality agreement signed by Miller. Thereafter, Zee Medical filed a motion seeking a preliminary injunction. The district court denied the motion and Zee Medical appealed.

Exercising jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), we **affirm** the denial of Zee Medical's motion for a preliminary injunction.

## II. Factual Background

Both Zee Medical and FA2000 sell first aid and safety items to companies required by the Occupational Safety and Health Act to stock such items in first aid

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

kits. At the time she was hired by Zee Medical, Miller signed a covenant not to compete and a confidentiality agreement. She signed a second covenant not to compete on May 31, 2000. The covenants not to compete prohibit Miller from engaging in direct competition with Zee Medical in her former sales territory and from soliciting her former Zee Medical customers on behalf of a competitor. While employed at Zee Medical, Miller used a hand-held computer that contained product pricing and detailed customer information. Miller returned the computer when she was terminated. She was also given customer lists, monthly sales reports, and other reports generated, in part, from the information she entered into her computer.

According to Miller, she has contacted approximately sixty of her former customers and approximately thirty have switched to FA2000. Zee Medical asserts that in February 2004 alone, Miller solicited ninety-five of her former customers and that it has lost fifty percent of its customers in Miller's former territory to FA2000 since Miller began working there.

Zee Medical filed suit against Miller and FA2000 in March 2004, alleging claims for injunctive relief and damages. On March 26, 2004, Zee Medical sought a preliminary injunction preventing Miller from working for FA2000 until the conclusion of a trial on the merits. It also sought to bar Miller and FA2000 from disclosing or utilizing information it alleged was confidential, proprietary, or a

trade secret. The district court denied Zee Medical's motion and this appeal followed.

## III. Discussion

### A. Amount in Controversy

As a preliminary matter, Miller and FA2000 argue that the district court did not have jurisdiction over this lawsuit because the amount in controversy does not exceed $75,000. *See* 28 U.S.C. § 1332. They base this argument solely on their assertion that at the time of the preliminary injunction hearing, they presented uncontested evidence that the total sales to former Zee Medical customers totaled only $7,000, with the net profit substantially less than that amount. Having reviewed Zee Medical's complaint, we are satisfied that federal jurisdiction is proper. Given the extensive claims made by Zee Medical in its complaint and the remedies available under those claims, it cannot be said with legal certainty that Zee Medical would recover less than $75,000 if it prevails in this matter. *See Woodmen of the World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003).

### B. Denial of Preliminary Injunction

Ordinarily, this court reviews the denial of a motion for a preliminary injunction for abuse of discretion. *Heideman v. S. Salt Lake* City, 348 F.3d 1182, 1188 (10th Cir. 2003). Zee Medical, however, argues that the district court

-4-

applied the wrong standard when it ruled on the motion. *See id*. at 1188-89 (holding that when the "three harm factors tip *decidedly* in [the movant's] favor, the probability of success requirement is somewhat relaxed" and the "movant need only show questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation." (citations and quotations omitted)). Even if we assume for purposes of this appeal that the district court applied an incorrect standard, we conclude that the denial of Zee Medical's motion for preliminary injunction was proper. *See SCFC ILC, Inc. v. Visa USA, Inc.*, 969 F.2d 1096, 1100 (10th Cir. 1991) (holding that when the district court applies the wrong preliminary injunction standard, this court may review the record to determine whether the injunction is justified).

Pursuant to Colorado law, a covenant not to compete is not enforceable unless one of four statutory exceptions applies. *See* Colo. Rev. Stat. § 8-2-113(2). Zee Medical argues that the covenants not to compete signed by Miller are enforceable because they seek to protect trade secrets, one of the statutory exceptions. *Id*. § 8-2-113(2)(b). Having reviewed the record and the arguments of the parties, it is clear that Zee Medical is not entitled to a preliminary injunction because it has failed to raise "questions going to the merits so serious, substantial,

-5-

difficult and doubtful as to make them fair ground for litigation.[2] *Koerpel v. Heckler*, 797 F.2d 858, 867 (10th Cir. 1986). Specifically, we have considerable doubt that Zee Medical will be able to demonstrate that the covenants not to compete are enforceable because they seek to protect trade secrets.

The district court's order denying Zee Medical's motion for a preliminary injunction is **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

[2]Zee Medical also summarily asserts that Miller breached the confidentiality agreement and the district court erred by not granting a preliminary injunction premised on that alleged breach. Zee Medical's failure to support this argument with points and authorities or to include any analysis of the four preliminary injunction factors compels the conclusion that the argument is waived. *See Phillips v. Calhoun*, 956 F.2d 949, 953-54 (10th Cir. 1992).