**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 20, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

TROY L. THOMPSON,

    Plaintiff - Appellant,

v.

JUDGE KAREN ROMEO, Fifth Judicial
District of Colorado; JOSEPH
PICCINETTI, Clerk, Fifth Judicial District
of Colorado; JUDGE EDWARD CASIAS,
Fifth Judicial District of Colorado; FIFTH
JUDICIAL DISTRICT OF COLORADO;
SENIOR JUDGE THOMAS OSSOLA, [†]
Fifth Judicial District of Colorado; JUDGE
JEFFREY D. WAIT, Family Court of NY,

    Defendants - Appellees.

No. 17-1384
(D.C. No. 1:17-CV-02040-LTB)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.
_____

[†] The caption in this case misspells Judge Thomas Ossola's name. It has been corrected here and in the body of this order and judgment.

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff-Appellant Troy L. Thompson pursues this action under 42 U.S.C. § 1983, alleging violations of the Fourteenth Amendment and other Supreme Court "precedents."[1]  Thompson challenges Colorado state court proceedings regarding the dissolution of his marriage and allocation of parental rights in a parenting plan, as well as a Colorado state court order vacating findings of contempt against his ex-wife.  Under the parenting plan, Thompson's ex-wife and children relocated to the State of New York.  Thompson also challenges New York state court proceedings regarding the same.

On September 28, 2017, the district court dismissed Thompson's claims for lack of jurisdiction and entered judgment.  The district court concluded that Thompson's suit is subject to dismissal under the: (i) Younger, and/or (ii) Rooker-Feldman abstention doctrines.  See Younger v. Harris, 401 U.S. 37 (1971); see also Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).  Alternatively, if the district court had jurisdiction, the court held that the complaint would be dismissed nonetheless, as the named defendants—Judges Karen Romeo, Edward Casias, Thomas Ossola, and Jeffery D. Wait—are absolutely immune from suit for actions taken in their judicial capacity, and the remaining defendants are immune under the Eleventh Amendment.

Thompson timely appeals.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[1] Thompson lists, among others, Obergefell v. Hodges, 135 S. Ct. 2584 (2015); Scheuer v. Rhodes, 416 U.S. 232 (1974); and Brown v. Bd. of Educ., 347 U.S. 483 (1954).

Thompson—appearing *pro se*—seems to raise two issues on appeal.  See Aplt. Br., at 1–3 (noting "point[s]" 1 and 2).  First, Thompson argues that defendants in the State of Colorado have engaged in "extreme dishonesty and corruption," attempting "to knowingly thwart justice."  Id. at 1.  Here, Thompson claims defendants have, among others, (i) "cause[d]" him to have a "run-in with law enforcement . . . to weaken [his] position in court"; (ii) "altere[d]" a "mailing list," so his ex-wife "did not receive notice" of contempt hearings; and (iii) later "altered the mailing list" again, but this time "so that [he] was not notified of important judicial acts."  Id.

Next, Thompson takes issue with the Colorado state court's grant of his ex-wife's motion to relinquish jurisdiction to the family court of Warren County, New York.  See id.  The Colorado state court relinquished jurisdiction more than two years after Thompson's ex-wife relocated with the children, and upon determining it was in the best interest of the children.  See ROA, at 56.

Here, Thompson details alleged wrongs that he has suffered as a result. Thompson contends that "just as" the Colorado state court judges had "hoped," the New York state court desired "to maintain the status quo," resulting in a "sham" hearing, which "allow[ed] [his ex-wife] to continue . . . brainwashing . . . the children and keep [him] out of their lives."  Aplt. Br., at 2.  Thompson further believes justice is not being served, as New York state court Judge Wait "refuses to hold contempt of court trials against [his] ex[-wife] for . . . vacated contempt [findings] in [C]olorado." Id. at 3.  Thompson also dislikes that New York state courts disallow telephonic

appearances. Id. Finally, Thompson claims that the New York state court "assigned an attorney to the children," who spoke "to the[m] about the case and litigation," which was "against . . . Colorado orders." Id.

The relief Thompson seeks from us is to "order the Colorado and New York law and or agreements and the respective courts to conform to Article 4 clause 2 of the U.S. constitution and conform to Brown v. Board of [E]ducation and other cases that clarify the meaning of the U.S. constitution." Id. at 2 (emphasis added).

**II**

The district court dismissed this case for lack of subject matter jurisdiction, concluding Thompson's claims are barred by the Younger and/or Rooker-Feldman abstention doctrines.[2] We agree.

To the extent that state court proceedings are pending, the district court correctly applied Younger. Under the Younger abstention doctrine, "a federal court [must] abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) state proceedings implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." Winnebago Tribe of Nebraska v. Stovall, 341 F.3d 1202, 1204 (10th Cir. 2003). Of course, the state proceedings at issue in this case implicate important state interests: "[t]he whole subject of domestic relations of husband and wife, parent and child, belongs to the laws of the States and not the laws of the United States." Akenbrandt

_____

[2] Our review is de novo. Woodmen of World Life Ins. Soc'y v. Manganaro, 342 F.3d 1213 (10th Cir. 2003).

4

v. Richards, 504 U.S. 689, 692 (1992) (quoting In re Burrus, 136 U.S. 586, 593–94 (1890)); see Morkel v. Davis, 513 F. App'x 724, 728 (10th Cir. 2013) (unpublished) ("This court and other circuits have consistently applied *Younger* to child custody cases." (collecting cases)).  And, Thompson does not allege facts to support any contention that the state proceedings do not allow an adequate opportunity to litigate federal constitutional issues (nor does he allege any cognizable federal constitutional claims).

To the extent that state court proceedings have concluded, the district court correctly applied the Rooker-Feldman doctrine.  Under the Rooker-Feldman abstention doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."  Johnson v. De Grandy, 512 U.S. 997, 1005–06 (1994).

Thompson argues that his federal civil rights have been violated by state court proceedings and orders.  If state court matters have concluded, the district court correctly noted, for Thompson to prevail, it "would have to review, and ultimately reject, the state determinations."  ROA, at 90.  However, the district court properly held, it "lack[s] jurisdiction to adjudicate claims seeking review of state court judgments."  Id. at 89; see Mo's Express, LLC v. Sopkin, 441 F.3d 1229, 1233 (10th Cir. 2006) ("*Rooker–Feldman* precludes federal district courts from effectively exercising appellate jurisdiction over claims 'actually decided by a state court' and claims 'inextricably intertwined' with a prior state-court judgment.") (citation

5

omitted).  Review of state court rulings should be pursued through the appellate courts of the involved state and not through a § 1983 action in federal court.

## III

We therefore affirm the district court.

Entered for the Court


Mary Beck Briscoe
Circuit Judge